UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 2:10-CR-0080-LRS-1 |
| Plaintiff, | **ORDER DENYING MOTION UNDER 28 U.S.C. §2255** |
| vs. | |
| KENDRICK O. MASON, | |
| Defendant. | |

**BEFORE THE COURT** is Petitioner Kendrick O. Mason's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence in Light of *Johnson v. United States*, 135 S.Ct. 2551(2015) (ECF No. 71). The Government motioned the court to hold the Motion in abeyance (ECF No. 72) pending resolution of cases pending in higher courts. The court ordered the Government to respond to the Motion. The court has considered the Motion, the Government's Response (ECF No. 73), and Defendant's Reply (ECF No. 76).

## I.    BACKGROUND

### A. Plea and Sentence

ORDER - 1

On August 7, 2012, Mason pled guilty to a Superseding Indictment charging him with three counts of distribution of a mixture or substance containing cocaine base and conspiracy to distribute 28 grams or more of crack cocaine.  As part of the Rule 11(c)(1)(C) plea agreement the Defendant and United States agreed to recommend the court impose a 144-month term of imprisonment.  The plea agreement included an express waiver of the Defendant's right to file "any post-conviction motions attacking his convictions and sentence, including a motion pursuant to 28 U.S.C. §2255, except one based upon ineffective assistance of counsel…" (ECF No. 43 at 12).

At sentencing the court adopted the Presentence Report (PSR) without change. The PSR found Mason qualified as a career offender within the meaning of U.S.S.G. §4B1.1(b), having at least two prior felony convictions for a crime of violence or controlled substance offense. The PSR stated Defendant had five prior felony convictions for crimes of violence or controlled substances offenses, three of which could be used as qualifying predicate convictions under the career offender guidelines: a 2000 conviction for conspiracy to deliver a controlled substance (RCW 69.50.401(A)), a 2004 conviction for conspiracy to deliver cocaine (RCW 69.50.401(A), and a 2008 conviction for riot (RCW 9A.84.010F-F).  (ECF No. 51, ¶¶40, 163).  Based on the career offender enhancement, the base offense level was increased from 28 to 34. After a three-level downward adjustment for acceptance of

ORDER - 2

responsibility, the final total offense level was 31.  With 10 criminal history points, Mason's Criminal History Category was V, however with the career offender designation it was category VI and the guideline range was 188-235 months.

Though the parties' recommendation involved a 44-month departure below the low-end of the guideline range, the court accepted the Rule 11(c)(1)(C) plea agreement.  On November 21, 2012, the court entered Judgment sentencing Mason to concurrent 144-month terms in custody on each count, and 3 and 4-year concurrent terms of supervised release.

Mason did not appeal his conviction or sentence.

### B. Post-Sentencing Developments in the Law

If an individual is convicted under 18 U.S.C. § 922(g) (felon in possession of a firearm), the Armed Career Criminal Act  ("ACCA") requires courts to impose a sentence of not less than 15 years on specified defendants who have three previous convictions for a violent felony or a serious drug offense or both. 18 U.S.C. § 924(e)(1). Section 924(e)(2)(B) defines "violent felony" to include a "any crime punishable by imprisonment for a term exceeding one year" that "(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, _or_

ORDER - 3

*otherwise involves conduct that presents a serious potential risk of physical injury to another*[.]" 18 U.S.C. § 924(e)(2)(B) (emphasis added). In June 2015, the Supreme Court struck the thirteen word so-called "residual clause" (underlined text) of ACCA for being unconstitutionally vague in violation of the Due Process Clause of the Fifth Amendment. *Johnson v. United States*, 135 S. Ct. 2551, 2555-57. "The void-for-vagueness doctrine prohibits the government from imposing sanctions 'under a criminal law so vague that it fails to give ordinary people fair notice of the conduct it punishes, or so standardless that it invites arbitrary enforcement.' " *Welch*, 136 S. Ct. at 1262 (*quoting Johnson*, 135 S. Ct. at 2556). Applying the vagueness doctrine, the Supreme Court concluded that the ACCA's residual clause was unconstitutional under both standards: it failed to provide "fair notice to defendants" and "invite[d] arbitrary enforcement by judges," and consequently, "[i]ncreasing a defendant's sentence under the clause denies due process of law." *Johnson*, 135 S. Ct. at 2557.

On April 18, 2016, the Supreme Court held in *Welch v. United States* that *Johnson* announced a new substantive rule that applies retroactively to cases on collateral review. *Welch v. United States*, 136 S.Ct. 1257, 1264–65 (2016). The Court explained that, by striking down the ACCA's residual clause as void for vagueness, *Johnson* changed the ACCA's substantive reach and altered "the range

ORDER - 4

of conduct or the class of persons that the [Act] punishes." *Id*. at 1265 (brackets in original) (citation omitted). Applying the retroactivity framework set forth in *Teague v. Lane*, 489 U.S. 288 (1989), and its progeny, the Court further stated that *Johnson* was not a procedural decision because it "had nothing to do with the range of permissible methods a court might use to determine whether a defendant should be sentenced under the [ACCA]." *Id*. Accordingly, the Court ruled that "*Johnson* is thus a substantive decision and so has retroactive effect under *Teague* in cases on collateral review." *Id*.

Like ACCA, the Sentencing Guidelines also factor in higher sentencing ranges for defendants with previous felony crimes of violence. The Guidelines definition of "crime of violence" under §4B1.2(a) has been identical to the ACCA residual clause. *United States v. Spencer*, 724 F.3d 1133, 1138 (9th Cir. 2013) (there is "no distinction between the terms 'violent felony' [as defined in the ACCA] and 'crime of violence' [as defined in § 4B1.2(a)(2) of the Sentencing Guidelines] for purposes of interpreting the residual clause[s]"). However, *Johnson* failed to discuss the Guidelines. Since *Johnson*, Courts of Appeal have reached different decisions on whether a constitutional vagueness challenge applicable to a statute as in ACCA applies equally to the advisory Guidelines and whether any such rule should have retroactive application to cases on collateral attack. Only one circuit has affirmatively held that *Johnson* does not invalidate the Guideline §4B1.2's residual

ORDER - 5

clause. *U.S. v. Matchett*, 802 F.3d 1185 (11th Cir. 2015).  The others have either determined or assumed the Guidelines' residual clause is invalid. There is even less consensus on the issue of retroactivity.  *Compare In re Hubbard*, 825 F.3d 225 (4th Cir. 2016) *(Johnson* may be retroactive as to the Guidelines); *United States v. Hurlburt*, 2016 WL 4506717 (7th Cir. Aug. 29, 2016) (same); *In re Patrick*, 2016 WL 4254929 (6th Cir. Aug. 12, 2016) (same), *with Donnell v. United States*, 826 F.3d 1014 (8th Cir. 2016) *(Johnson* was not retroactive as the Guidelines); *In re Arnick*, 826 F.3d 787 (5th Cir. 2016) (same); *In re Griffin*, 823 F.3d 1350 (11th Cir. 2016) (same).

On June 27, 2016, the Supreme Court granted certiorari in *Beckles v. United States*, No. 15-8544, to resolve this split.  Three questions before it are: (1) whether the constitutional rule announced in *Johnson* applies to the residual clause of USSG § 4B1.2(a)(2); (2) if so, whether challenges to § 4B1.2(a)(2) are cognizable on collateral review; and (3) whether possession of a sawed-off shotgun remains a "crime of violence" based on the commentary to § 4B1.2.  Oral argument has been scheduled for November 28, 2016.

**C. Mason's §2255 Motion**

ORDER - 6

On June 1, 2016, Mason filed a Motion to Vacate Sentence and for Resentencing (ECF No. 71). The Motion asserts a single ground for relief: Mason is serving an unconstitutional sentence because his riot conviction is no longer a predicate "crime of violence" conviction for a career offender finding because the residual clause definition contained in §4B1.2(a) is void for vagueness under *Johnson*. (ECF No. 71 at 1). Without the career offender designation, Mason contends his Guideline range on each count would have been 84-105 months (based upon an adjusted offense level of 25 and criminal history category V).

The Government opposes the Motion, though it does not dispute that today, riot no longer qualifies as a "crime of violence." It contends first, that Mason cannot demonstrate constitutional error because he was sentenced pursuant to the Rule 11(c)(1)(C) plea agreement, not the career offender guideline; and second, that regardless of *Johnson*, Mason remains a career offender because he has two predicate controlled substances offenses.

## II.    STANDARD OF REVIEW

The language of 28 U.S.C. § 2255 makes clear that not every alleged sentencing error can be corrected on collateral review. *See United States v. Addonizio*, 442 U.S. 178, 185 (1979). District court may entertain petitions for the writ of habeas corpus only when authorized by statute. Among the circumstances under which courts are permitted to use the writ are when the sentence was imposed in violation of the Constitution or laws of the United States or when the sentence is "otherwise subject

ORDER - 7

to collateral attack." § 2255(a); *see also United States v. Berry*, 624 F.3d 1031, 1038 (9th Cir. 2010). A sentence is otherwise subject to collateral attack if there is an error constituting a "fundamental defect which inherently results in a complete miscarriage of justice," *Addonizio*, 442 U.S. at 185, or "an omission inconsistent with the rudimentary demands of fair procedure." *Hill v. United States*, 368 U.S. 424, 428 (1962).

Importantly, a one-year period of limitations exists. 28 U.S.C. § 2255(f). This period ordinarily starts when the conviction became final. *Id*. § 2255(f)(1). Mason's conviction became final in 2012, but the § 2255 motion was not filed until 2016. Mason seeks to avoid the limitations bar by invoking 28 U.S.C. § 2255(f)(3). This provision extends the limitation period to one year from the date "on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3).

The question in this case is whether Mason's habeas petition falls within these narrow limits.

## III.    DISCUSSION

Mason's sole contention is that *Johnson* removes his riot conviction from providing a basis for an enhanced sentencing Guideline calculation under the career

ORDER - 8

offender Guidelines.    Mason's attack on his career offender status falls on two fronts.

First, it does not meet the standard for collateral claims under §2255(f)(3). Unlike the petitioner in *Johnson*, Mason was not sentenced under ACCA, nor is there a basis to contend his sentence exceeds the permissible statutory penalty for the crimes of conviction. There is no doubt *Johnson* set forth a new rule of constitutional law applicable to ACCA. The threshold issue here is whether the new rule announced in *Johnson* encompasses Mason's claim under the Guidelines, or whether instead, Mason asserts a different "right" yet to be recognized by the Supreme Court. Section 2255 does not permit a petitioner to cite Supreme Court authority in name only as a hook to ask the court to consider the merits of an argument unrelated to or distinct from the new rule recognized by the Court. *See Stanley v. United States*, 2016 WL 3514185, at *2–3 (7th Cir. June 27, 2016).

While many courts have passed by the gatekeeping of §2255(f)(3) and proceeded to the merits, often because the Government has conceded this point, some courts have not. *See e.g., U.S. v. Sheldon*, 2016 WL 3976611 (D.Mont. July 22, 2016)(holding that *"Johnson* plainly does not apply" to the Guideline designation "Repeat and Dangerous Sex Offender"); *Renteria v. Lizarraga*, 2016 WL 4650059, at *6 (Aug. 1, 2016) (holding that because Petition was sentenced under California's Three Strikes Law, not ACCA "or even any similar state law equivalent," "*Johnson* created no new due process right applicable to Petitioner."); *Zuschin v. U.S.*, 2016 WL 3090410 (M.D.Fla, June 2, 2016)("because Petitioner was

ORDER - 9

not sentenced under the ACCA," but rather the Guidelines, "*Johnson* is not applicable to Petitioner's claims."); *U.S. v. Jimenez-Segura*, 2016 WL 4718949 (E.D.Va. Sept. 8, 2016)(discussing the "widespread inattention" to § 2255(f)(3) at length and holding Defendant could not avail himself of §2255(f)(3) as *Johnson* did not cover the defendant's convictions under 28 U.S.C. §924(c)); *U.S. v. Donnell*, 2016 WL 3525213 (M.D.Fla. June 28, 2016)(declining application of §2255(f)(3) because Defendant was sentenced under the Guidelines, not ACCA).

The initial recognition of the new rule must come from the Supreme Court, not from this court.  Though this court is not barred from applying new rules to different factual contexts, in asking this court to apply *Johnson* to invalidate his sentence, Mason asks this court to forge its own new rule. The *Johnson* decision solely pertained to ACCA.  It explicitly distinguished the ACCA and unequivocally rejected the suggestion that its decision called into question the residual clauses in "dozens of federal and state criminal laws" using similar terms.  135 S.Ct. at 2561(""The Government and the dissent next point out that dozens of federal and state criminal laws use terms like 'substantial risk,' 'grave risk,' and 'unreasonable risk,' suggesting that to hold the residual clause *20 unconstitutional is to place these provisions in constitutional doubt . . . Not at all.").  The Court confirmed this again in *Welch,* saying, "The Court's analysis in *Johnson* thus cast [sic] no doubt on the many laws that 'require gauging the riskiness of conduct in which an individual defendant engages on a particular occasion.' " *Welch*, 136 S. Ct. at 1262 (*quoting Johnson*, 135 S. Ct. at 2561).  The disagreement among lower courts regarding

ORDER - 10

application to contexts other than ACCA and the Supreme Court's pending review of *Beckles* strongly suggests that the Supreme Court has yet to recognize the "right" advanced by Mason. The Ninth Circuit has not held otherwise, despite opportunity to do so. *U.S. v. Torres*, 2016 WL 3770517 (9th Cir. July 14, 2016)("It is an open question whether §4B1.2(a)(2)'s residual clause remains valid in light of *Johnson*, although several circuits, including ours, have signaled concern about its constitutionality."). While the Supreme Court may rightly expand its rule to other statutes and laws, this court may only consider claims falling within the scope of the *Johnson* rule *as announced*. Mason seeks an extension, not an application, of *Johnson*. Until further pronouncement from the Supreme Court, Mason's collateral attack on the crime of violence definition under the Guidelines does not meet the requirements of §2255(f)(3).

Even if §2255(f)(3) were triggered and *Johnson* applies to career offenders on collateral review, the Government contends the challenge raised by Mason would not provide a basis for relief because there would be no effect on his Guideline calculation due his two remaining drug conspiracy convictions, which the PSR concluded were also predicate controlled substance violations. *See e.g., United States v. Scott*, 818 F.3d 424, 435 (8th Cir. 2016) (agreeing with the government that, "even if the district court erred by relying on the residual clause, the error was harmless since Scott's two domestic assault convictions and his robbery conviction also qualify). Although in his Reply Mason also alleges that these convictions were erroneously considered predicates, that challenge is not cognizable on collateral

ORDER - 11

review.  *See e.g., United States v. Foote*, 784 F.3d 931, 943 (4th Cir. 2015), cert. denied, ––– U.S. –––, 135 S. Ct. 2850 (2015) (concluding that the petitioner's erroneous "career offender designation was not a fundamental defect that inherently results in a complete miscarriage of justice.").  This court recognizes the critical role the Guidelines play, even when a sentence deviates from them.  However, in this case the career offender designation did not "set the wrong framework for the sentencing proceedings." *Molina-Martinez v. U.S.*, 138 S.Ct. 1338, 1346 (2016). In fact, the parties' sentencing recommendation adopted by the court was not hinged to the Guideline calculation or career offender designation, as is commonly the case.  The parties' plea agreement contained language explicitly recognizing the open question as to whether Mason qualified as a career offender.  Regardless of the court's ultimate calculation, the parties agreed to recommend the court vary upward or downward to reach a 144-month sentence based upon the §3553(a) factors.  This was not the type of case where "when a Guidelines range moves up or down, offenders' sentence moves with it." *Peugh v. United States*, 133 S.Ct. 2072 (2013).  Accordingly, this case does not present the circumstances where the need for the remedy afforded by the writ of habeas corpus is apparent.

## IV.    CONCULSION

For the reasons stated, Mason's Motion to Vacate Sentence and for Resentencing (ECF No. 71) is **DENIED.**  The Government's Motion to Vacate/Hold in Abeyance (ECF No. 72) is **DENIED**.  As the court recognizes that reasonable jurists could

ORDER - 12

"debate whether…the petition should have been resolved in a different manner," *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000), the court grants certificate of appealability on the following issues: (1) whether Mason's Motion falls within the scope of 28 U.S.C. §2255(f)(3); and (2) whether harmless error precludes habeas relief on the grounds asserted.

DATED this 16th day of November, 2016.

*s/Lonny R. Suko*

_____

LONNY R. SUKO
SENIOR U.S. DISTRICT COURT JUDGE

ORDER - 13