FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Aug 24, 2020

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 1:10-CR-00080-LRS |
| Plaintiff, | |
| vs. | ORDER DENYING MOTION FOR COMPASSIONATE RELEASE |
| KENDRICK O. MASON, | |
| Defendant. | |

BEFORE THE COURT is a Motion Seeking Reduction in Sentence Due to Compelling and Extraordinary Circumstances (with respect to COVID-19) pursuant to 18 U.S.C. § 3582(c)(1)(A), ECF No. 93, from Kendrick O. Mason. The Government was represented by Assistant U.S. Attorney Timothy Ohms. After the motion was filed *pro se*, attorney Colin Prince was appointed to represent Mr. Mason. This matter was heard on July 28, 2020 without oral argument. The Court, having reviewed the record, the parties' briefing, and the relevant authorities, is fully informed. For the reasons discussed below, Defendant's Motion for Compassionate Release, ECF No. 93, is DENIED.

ORDER - 1

# BACKGROUND

On July 9, 2010, Defendant was indicted on three counts of Distribution of 5 Grams or More of Cocaine Base in violation of 21 U.S.C. §841(a)(1), and one count of Conspiracy to Distribute 50 Grams or More of Cocaine Base in violation of 21 U.S.C. § 846. ECF No. 1. On July 17, 2012, a superseding indictment was filed charging Defendant with three counts of Distribution of Cocaine Base in violation of 21 U.S.C. § 841(a)(1), and one count of Conspiracy to Distribute 29 Grams or More of Cocaine Base in violation of 21 U.S.C. 846. ECF No. 31. Pursuant to a plea agreement based on Fed.R.Crim.P. 11(c)(1)(C), Defendant pled guilty to the charges in the superseding indictment on August 7, 2012. ECF No. 43, 44. On November 21, 2012, Defendant was sentenced to 144 months imprisonment on each count to be served concurrently. ECF No. 58. His projected release date is August 2, 2021. *See* https://www.bop.gov/inmateloc/.

Defendant indicates he filed a compassionate release request with the Bureau of Prisons on June 3, 2020. ECF No. 93 at 2. He is 44 years old and does not identify any significant health issues. ECF 93 at 7.

Defendant moves for a reduction in sentence because he contends he is at substantial risk of bodily injury or death while in custody due to the COVID-19 pandemic. ECF No. 93 at 1. Defendant argues that Bureau of Prisons policies are putting prisoners at severe risk; that he has served more than enough time to

account for just punishment; that he has shown significant rehabilitation; and that he is "no danger to the community that Probation cannot handle." ECF No. 102.

The Government argues that COVID-19 is not an extraordinary and compelling circumstance justifying a reduction in sentence. ECF No. 99. The Government also argues that Defendant poses a risk to the public due to the seriousness of his offenses and his criminal history. ECF No. 99.

## DISCUSSION

### A.     Eligibility for Compassionate Release

Federal courts have the statutory authority to modify an imposed term of imprisonment for two reasons: compassionate release under 18 U.S.C. § 3582(c)(1) or based on a change in the sentencing guidelines under 18 U.S.C. § 3582(c)(2). Until recently, motions for compassionate release could only be brought to the Court by the Director of the Bureau of Prisons. 18 U.S.C. § 3582(c)(1)(A) (2002). However, after the December 2018 passage of the First Step Act, defendants may now bring their own motions for compassionate release after exhausting administrative remedies within the Bureau of Prisons. 18 U.S.C. § 3582(c)(1)(A) (2018).

Defendant petitioned the Bureau of Prisons for compassionate release on June 3, 2020, ECF No. 93 at 2, and more than thirty days have passed. The Government does not challenge Plaintiff's request on the basis of failing to exhaust

administrative remedies. Accordingly, the Defendant's motion for compassionate release is properly before the Court.

A defendant may be eligible for compassionate release: (1) if the Court finds "extraordinary or compelling reasons" to warrant a sentence reduction; or (2) if the defendant is at least 70 years old, has served at least 30 years in prison pursuant to a sentence imposed for the offense for which the defendant is currently imprisoned, and the defendant is determined not to pose a risk of danger to the community. 18 U.S.C. § 3582(c)(1)(A). Under either eligibility prong, the Court must also find that a sentence reduction is "consistent with applicable policy statements issued by the [United States] Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). The Sentencing Guidelines instruct that the Court should consider the sentencing factors set forth in 18 U.S.C. § 3553(a) when deciding a motion for compassionate release, and that the Court should not grant a sentence reduction if the defendant poses a risk of danger to the community, as defined in the Bail Reform Act. U.S.S.G. § 1B1.13.

Defendant is not eligible for compassionate release under subsection (2) of 18 U.S.C. § 3582(c)(1)(A) because he is not 70 years old and has not served 30 years in prison. Thus, the question before the Court is whether extraordinary and compelling reasons exist to grant Defendant's request for compassionate release.

**B.    Extraordinary and Compelling Reasons**

ORDER - 4

Defendant moves for compassionate release on the grounds that "extraordinary and compelling reasons" justify a sentence reduction. ECF No. 93. The First Step Act did not define "extraordinary and compelling reasons" warranting a sentence reduction, but the compassionate release statute directs the Court to consider the Sentencing Commission's policy statements when deciding compassionate release motions. 18 U.S.C. § 3582(c)(1)(A).

The Sentencing Commission's policy statement on sentence reduction mirrors the language of the compassionate release statute, but it has not yet been updated to reflect the procedural changes implemented by the First Step Act. U.S.S.G. § 1B1.13. "While that particular policy statement has not yet been updated to reflect that defendants (and not just the [Bureau of Prisons ("BOP")]) may move for compassionate release, courts have universally turned to U.S.S.G. § 1B1.13 to provide guidance on the 'extraordinary and compelling reasons' that may warrant a sentence reduction." *United States v. McGraw*, No. 2:02-cr-00018-LJM-CMM, 2019 WL 2059488, at *2 (S.D. Ind. May 9, 2019) (gathering cases).

The sentence reduction policy statement outlines four categories of circumstances that may constitute "extraordinary and compelling reasons" for a sentence reduction: (1) the defendant suffers from a medical condition that is terminal or substantially diminishes the defendant's ability to provide self-care in a correctional environment; (2) the defendant is at least 65 years old, is experiencing

ORDER - 5

a serious deterioration in health due to the aging process, and has served at least 10 years or 75% of his or her term of imprisonment; (3) family circumstances involving the death or incapacitation of the caregiver of the defendant's minor child or the incapacitation of the defendant's spouse or registered partner; or (4) other reasons, other than or in combination with the other listed circumstances, that are extraordinary and compelling. U.S.S.G. § 1B1.13, Application Note 1.

None of the first three categories are applicable or alleged to be applicable by Defendant. His motion is based upon the argument that existence of the COVID-19 pandemic is itself an extraordinary and compelling reason justifying relief and upon allegations that FCI Memphis, where Defendant is housed, poses a risk to Defendant. ECF No. 93 at 3-4, ECF No. 102 at 1-4.

The COVID-19 pandemic is not by itself an extraordinary and compelling reason to grant relief. While Defendant is understandably concerned about the risk of infection, a general fear of a virus which exists throughout society is not sufficiently extraordinary or compelling under the criteria set forth in the Sentencing Commission's policy statement on compassionate release. *United States v. Eberhart*, No. 13-CR-00313-PJH-1, 2020 WL 1450745, at *2 (N.D. Cal. Mar. 25, 2020); *see also United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate

release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread.")

Defendant contends he is more susceptible to COVID-19 due to his race. ECF No. 93 at 7, ECF No. 102 at 5. Indeed, the CDC noted there is evidence that some racial and ethnic minority groups are being disproportionately affected by COVID-19. Center for Disease Control and Prevention, *Health Equity Considerations and Racial and Ethnic Minority Groups*, https://www.cdc.gov/coronavirus/2019-ncov/community/health-equity/race-ethnicity.html (last visited August 10, 2020). Even so, the CDC attributes this to inequities in social determinants of health such as poverty and access to health care. *Id.* Accordingly, courts have not found race to be a risk factor for COVID-19 similar to age or medical condition. *See e.g.*, *United States v. Leigh-James*, No. 3:15-CR-188 (SRU), 2020 WL 4003566, at *8 (D. Conn. July 15, 2020); *United States v. White*, No. 15-cr-20040-01, 2020 WL 2733891, at *5 (E.D. Mich. May 26, 2020); *United States v. Fuller*, CR17-0324JLR, 2020 WL 2557337, at *4 n.4 (W.D. Wash. May 20, 2020); *United States v. Alexander*, No. 19-32 (FLW), 2020 WL 2507778, at *4 (D.N.J. May 15, 2020); *Carlos M.D. v. Anderson*, 2020 WL 2487646, at *8 (D.N.J. May 14, 2020); *see also United States v. Mitchell*, __ F.Supp. __, 2020 WL 3839632 (W.D. Wash. July 8, 2020).

ORDER - 7

At FCI Memphis, where Defendant is housed, there are 1,098 total inmates with two active cases of COVID-19 among inmates and four active cases among staff, and nine inmates and 12 staff members have recovered from the virus. https://www.bop.gov/coronavirus/ (last visited August 24, 2020); https://www.bop.gov/locations/institutions/mem/ (last visited August 24, 2020). This data does not suggest a crisis exists in that facility. In this case, there is no extraordinary and compelling reason for a reduction in sentence.

**C.    18 U.S.C. § 3553 Factors and Danger to Community**

Under 18 U.S.C. § 3582(c)(1)(A) and the Sentencing Commission policy statement, the Court should consider the sentencing factors set forth in 18 U.S.C. § 3553(a) when deciding a motion for compassionate release. The Court should not grant a sentence reduction if the defendant poses a risk of danger to the community, as defined in the Bail Reform Act. U.S.S.G. § 1B1.13.

*1.    Section 3553(a)*

Even if Defendant had shown that extraordinary and compelling reasons exist to warrant a reduction in sentence, the Court does not find that the § 3553(a) factors support a reduction in sentence. At the time of the original sentencing, the Court fully considered those factors and imposed a sentence that was sufficient but not greater than necessary to comply with and fulfill the goals of sentencing. It is noted that Defendant already benefited from a below-guideline sentence since the

ORDER - 8

Court adopted the joint sentencing recommendation of the parties contained in the Fed. R. Crim. P. 11(c)(1)(C) plea agreement. ECF Nos. 43, 51. The sentence imposed by the Court was "sufficient, but not greater than necessary," to comply with the purposes of § 3553(a), including to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, and to afford adequate deterrence to this criminal conduct. The Court has again fully considered the § 3553 factors and finds the sentence imposed remains sufficient but not greater than necessary to comply with the purposes of sentencing.

    *2. Danger to Any Person and the Community Under 18 U.S.C. § 3142(g)*

Defendant contends he is not a danger to the community upon release. ECF No. 93 at 5; ECF No. 102 at 8. Defendant indicates he has "taken part in numerous rehabilitation programs," ECF No. 93 at 5, and the Court commends Defendant for his efforts. Nevertheless, the Government notes Defendant's extensive criminal history which includes firearms offenses, violence, and controlled substance offenses, and one disciplinary incident from six years ago involving a fight with another inmate. ECF No. 99 at 14 (citing ECF No. 51). The Court need not determine whether Defendant poses a danger to any person or the community because there are no extraordinary or compelling reasons warranting a reduction in sentence.

**CONCLUSION**

ORDER - 9

The Court concludes that that extraordinary and compelling reasons warranting a reduction do not exist and therefore declines to exercise its discretion to reduce Defendant's sentence.

Accordingly, Defendant's Motion Seeking Reduction in Sentence Due to Compelling and Extraordinary Circumstances (with respect to COVID-19) under 18 U.S.C. § 3582(c)(1)(A), **ECF No. 93**, is **DENIED.**

**IT IS SO ORDERED**. The District Court Clerk is directed to enter this Order and provide copies to the U.S. Attorney and counsel.

**DATED** August 24, 2020.

*/s/ Lonny R. Suko*
LONNY R. SUKO
Senior United States District Judge

ORDER - 10